# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRICIA RAYLENE LESLIE,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS LLC,<br><br>Defendant. | Case No. 1:24-cv-00915-JLT-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 7)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Currently before the Court is General Motors LLC's ("Defendant") motion to dismiss Tricia Raylene Leslie's ("Plaintiff") fourth cause of action for violation of California Business and Professions Code, section 17200, in the first amended complaint for failure to state a claim. Having considered the moving papers, the declarations and exhibits attached thereto, as well as the Court's file, the Court issues the following findings and recommendations.

**I.**

**BACKGROUND**

On or about September 26, 2023, Plaintiff purchased a new 2024 Chevrolet Silverado ("the subject vehicle") from an authorized dealer. (First Amended Compl. ("FAC") ¶¶ 7-9, ECF No. 1-3.) Each time the subject vehicle exhibited defects, a defective battery, Plaintiff attempted to invoke the applicable warranties within a reasonable time of discovering the defect. (Id. at ¶¶ 13, 54-56.) On each occasion, Defendant represented they could and would make the subject

1

vehicle conform with the warranties or that they had repaired the vehicle. (Id. at ¶ 14.) Plaintiff discovered that Defendants were unable, or unwilling, to make the subject vehicle conform to the applicable warranties. (Id. at ¶ 15.)

Plaintiff filed this action on July 8, 2024, in the Superior Court of California, County of Tulare. (ECF No. 1-1.) Defendant was served with the complaint on July 10, 2024. (ECF No. 1-2 at 2.[1]) On July 11, 2024, Plaintiff filed a first amended complaint.[2] (ECF No. 1-3.) On August 7, 2024, Defendant removed this matter to the Eastern District of California. (ECF No. 1.)

Defendant filed a motion to dismiss Plaintiff's first amended complaint on August 13, 2024. (ECF No. 7.) On August 14, 2024, the motion was referred to the undersigned for the preparation of findings and recommendations and a hearing on the motion was set for October 2, 2024. (ECF Nos. 7, 9.) Plaintiff did not file an opposition to the motion to dismiss.

## II.

## LEGAL STANDARDS

### A.     Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In deciding a motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). The pleading standard under Rule 8 of the Federal Rules of Civil Procedure does not require " 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In assessing the sufficiency of a complaint, all well-

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

[2] The first amended complaint does not indicate when it was filed, however it is dated July 11, 2024, and Defendant states it was filed on this date.

pleaded factual allegations must be accepted as true. Iqbal, 556 U.S. at 678-79. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. To avoid a dismissal under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

In deciding whether a complaint states a claim, the Ninth Circuit has found that two principles apply. First, to be entitled to the presumption of truth the allegations in the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Second, so that it is not unfair to require the defendant to be subjected to the expenses associated with discovery and continued litigation, the factual allegations of the complaint, which are taken as true, must plausibly suggest an entitlement to relief. Starr, 652 F.3d at 1216. "Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Navarro, 250 F.3d at 732 (citing Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.1988)).

**B.     Rule 9**

Allegations of fraud are subject to the pleading requirement of Rule 9 of the Federal Rules of Civil Procedure. Rule 9 provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This requires a plaintiff to plead with "more specificity including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (internal punctuation and citations omitted).

> To allege fraud with particularity, a plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading. A plaintiff might do less and still identify the statement complained of; indeed, the plaintiff might do less and still set forth some of the circumstances of the fraud. But the plaintiff cannot do anything less

3

and still comply with Rule 9(b)'s mandate to set forth with particularity those circumstances which constitute the fraud.

In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994).

### C. Leave to Amend

Courts freely grant leave to amend a complaint which has been dismissed. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986) ("If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (same).

### III.

### DISCUSSION

Defendant moves to dismiss the fourth cause of action arguing that the FAC relies on generalized allegations to support the claim under California Business and Professions Code, section 17200 ("the UCL"). Defendant asserts that the allegations in the FAC are sparce and do not meet the federal pleading standard to sustain the claim. (Def.'s Mot. to Dismiss ("Mot.") 6, ECF No. 7.) Defendant argues that the FAC generally alleges "defects, nonconformities, misadjustments, or malfunctions" in the subject vehicle, which include a defective battery, but does not identify the supposed defects, any details regarding attempts at repair, or even the name of the dealership involved, but simply claims that marketing and sale of the vehicle was false, deceptive, misleading, and unreasonable and constitutes unfair and fraudulent conduct. (Id. at 6-7.) Defendants assert that Plaintiff alleges that Defendant knew or should have known of its fraudulent conduct but does not identify any specific advertisement or date when any advertisement was viewed by Plaintiff. Defendant claims that the FAC does not contain any specific allegations regarding Defendant's presale knowledge or how or when it was obtained. Defendant argues that the FAC mostly relies on templated, conclusory allegations identical to the fraud claim that Plaintiff's counsel has filed in dozens of other Song-Beverly matters against Defendant. (Id. at 7.)

1    Defendant argues that the FAC alleges that Defendant knew or should have known that
2    representations about the subject vehicle were false and concealed defects in the vehicle, but
3    does not identify any representation or concealed fact, the date when any representation was
4    reviewed by Plaintiff and does not state that Defendant knew of the alleged defects before
5    Plaintiff's purchase. (Id. at 7-8.)

6    When a complaint or a claim within a complaint is grounded in fraud, it must meet the
7    pleading requirements of Rule 9. Velazquez v. Gen. Motors LLC, No. 2:24-CV-01519-DAD-
8    CSK, 2024 WL 3617486, at *3 (E.D. Cal. Aug. 1, 2024) (quoting Vess v. Ciba-Geigy Corp.
9    USA, 317 F.3d 1097, 1107 (9th Cir. 2003)). Rule 9(b) requires that "the circumstances
10   constituting the alleged fraud be specific enough to give defendants notice of the particular
11   misconduct so that they can defend against the charge and not just deny that they have done
12   anything wrong." Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Bly–
13   Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal punctuation omitted). To
14   satisfy the particularity standard of Rule 9(b), "a pleading must identify the who, what, when,
15   where, and how of the misconduct charged, as well as what is false or misleading about the
16   purportedly fraudulent statement, and why it is false." Moore v. Mars Petcare US, Inc., 966 F.3d
17   1007, 1019 (9th Cir. 2020) (quotations omitted) (quoting Davidson v. Kimberley-Clark Corp.,
18   889 F.3d 956, 964 (9th Cir. 2018)). Therefore, a party alleging fraud must "set forth more than
19   the neutral facts necessary to identify the transaction." Kearns, 567 F.3d at 1124 (quoting In re
20   GlenFed, Inc. Sec. Litig., 42 F.3d at 1548). However, "[m]alice, intent, knowledge, and other
21   conditions of a person's mind may be alleged generally." Irving Firemen's Relief & Ret. Fund
22   v. Uber Techs., Inc., 998 F.3d 397, 404 (9th Cir. 2021).

23   Here, the Court finds that Plaintiff's claims under the UCL are grounded in fraud.
24   Plaintiff alleges in all causes of actions under the UCL that Defendant's marketing is false,
25   deceptive, and misleading and that the misrepresentations by defendant violate section 17200.
26   (FAC at ¶¶ 57, 58, 64, 65, 66, 67, 72, 74, 80.) Further, Plaintiff's claim under the unlawful
27   prong is based on violations of California Business and Professions Code section 17500, et seq.,
28   which prohibits false and misleading statements. (Id. at ¶ 71.) For this reason, Plaintiff must

5

plead the UCL claims with particularity to survive a motion to dismiss.

**A.      Whether the FAC States a Claim under the UCL**

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Bus. & Prof. Code § 17200. "An act can be alleged to violate any or all three of the prongs of the UCL—unlawful, unfair, or fraudulent." Stearns v. Select Comfort Retail Corp., 763 F.Supp.2d 1128, 1149 (N.D. Cal. 2010) (quoting Berryman v. Merit Prop. Mgmt., Inc., 152 Cal.App.4th 1544, 1554 (2007). Here, Plaintiff has alleged that Defendant has engaged in all three.[3]

1. Fraudulent business practice

Defendant first moves to dismiss the UCL claim on the ground that the fraudulent prong fails because Plaintiff has not been pled with particularity, the FAC does not contain the required how, where, to whom and by what means any misrepresentation or concealment occurred. (Mot. at 9-12.) Defendant also argues that Plaintiff has not alleged any facts plausibly showing that Defendant "knew or should have known of their unfair" and "fraudulent" conduct nor have any past marketing efforts been pled with particularity. (Id. at 12-13.)

The elements of a fraud claim under California law are "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." Kearns, 567 F.3d at 1126; Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996).

Plaintiff alleges that Defendant engaged in fraudulent conduct by marketing and distributing a defective vehicle at the point of sale without notifying prospective consumers that the vehicle is unsafe and therefore, the sale of the defective vehicle is false, deceptive, misleading and unreasonable and constitutes fraudulent conduct. (FAC at ¶¶ 64-65.) Defendant knew or should have known of the fraudulent conduct and the misrepresentations by Defendant constitute a fraudulent business practice in violation of section 17200. (Id. at ¶¶ 66-67.) Defendant had reasonably available alternatives to further its legitimate business interests. (Id. at

---

[3] The Court has considered all arguments raised in Defendant's motion to dismiss but only addresses those necessary to decide whether Plaintiff has stated a claim under the UCL.

6

1 ¶ 68.) This conduct occurs and continues to occur in Defendant's business and is part of a
2 pattern or generalized course of conduct repeated on thousands of occasions daily. (Id. at ¶ 69.)
3 Plaintiff suffered injury in fact and has lost money as a result of Defendant's fraudulent conduct
4 by paying an unwarranted premium for the vehicle. (Id. at ¶ 70.)

5 The allegations in the FAC do not even satisfy the Rule 8 pleading requirement, much
6 less the heightened pleading standard for fraud. Plaintiffs allege that Defendant knew or should
7 have known of the fraudulent conduct and the misrepresentations constitute a fraudulent business
8 practice (FAC at ¶ 66, 67), but there are no facts alleged regarding how Defendant would be
9 aware of any defect with the subject vehicle, nor any misrepresentations made to Plaintiff.
10 Rather, Plaintiff solely alleges that the vehicle had a defective battery (id. at ¶ 54). While
11 Plaintiff alleges there was an express warranty that the vehicle would be free from defects, and if
12 defects were present, they would be repaired by General Motors (id. at ¶ 10), there are no facts
13 alleged in the complaint as to the express warranty nor of any statements made to Plaintiff prior
14 to her purchasing the vehicle. The complaint is devoid of any information on who made the
15 alleged representations to Plaintiff or when they were made.

16 Further, Plaintiff alleges that each time the vehicle exhibited defects, she notified
17 General Motors through an authorized service and repair facility within a reasonable time after
18 discovery and attempted to invoke the applicable warranties demanding the vehicle be repaired
19 pursuant to the warranties. (Id. at ¶ 13.) On each occasion, Defendant represented that they
20 could and would make the vehicle conform to the warranties or that they had successfully
21 repaired the vehicle (id. at ¶ 14) but Defendant failed to make the subject vehicle conform to the
22 applicable warranties (id. at ¶ 15). However, there are no facts alleged as to when or where the
23 vehicle was taken and who made any such representations to Plaintiff. Missing from Plaintiff's
24 complaint are any facts to support the allegations. See Velazquez, 2024 WL 3617486, at *5-6
25 (dismissing fraud claim for failure to plead with particularity).

26 Finally, where a plaintiff's UCL theory is that the defendant engaged in
27 misrepresentations that deceived customers, the plaintiff must show reliance. Veera v. Banana
28 Republic, LLC, 6 Cal.App.5th 907, 919 (2016). Plaintiff's complaint is devoid of any factual

7

allegations regarding her reliance on any misrepresentation by Defendant. The Court finds that Plaintiff fails to state a claim for a fraudulent business practice in violation of the section 17200.

    2.    <u>Unfair business practices</u>

Defendant contends that Plaintiff's unfair business practice claim also fails because she merely makes conclusory statements that Defendant's conduct is unfair without referencing any public policy that was violated or conduct that is immoral, unethical, oppressive or unscrupulous. (Mot. at 17.)

California's UCL prohibits any unfair business act or practice.  Cal. Bus. & Prof. Code § 17200.  There is some uncertainty regarding the definition of unfair in consumer cases under the UCL.  <u>See</u> <u>Graham v. Bank of America, N.A.</u>, 226 Cal.App.4th 594, 613 (2014).  The Ninth Circuit has recognized three tests that are used by courts under the UCL's unfairness prong: "(1) whether the challenged conduct is 'tethered to any underlying constitutional, statutory or regulatory provision, or that it threatens an incipient violation of an antitrust law, or violates the policy or spirit of an antitrust law,' [quoting <u>Durell v. Sharp Healthcare</u>, 183 Cal.App.4th 1350, 1366 (2010)]; (2) whether the practice is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers,' [quoting <u>Morgan v. AT&T Wireless Servs., Inc.</u>, 177 Cal.App.4th 1235, 1254 (2009)]; or (3) whether the practice's impact on the victim outweighs 'the reasons, justifications and motives of the alleged wrongdoer.' <u>Id.</u>"  <u>Doe v. CVS Pharmacy, Inc. ("CVS Pharmacy, Inc.")</u>, 982 F.3d 1204, 1214–15 (9th Cir. 2020).

Here, Plaintiffs allege the practice is unfair under the balancing test, when any injury it causes outweighs any benefits it provided to consumers and the injury is one the consumer's themselves could not reasonably have avoided.  (FAC at ¶ 51.)  Defendant engaged in an unfair practice by distributing the vehicle with a defective battery which caused Plaintiff to overpay for the vehicle.  (FAC at ¶¶ 54-56, 62.)  Defendants also allege that the misrepresentations and the marketing of the vehicle is false, deceptive, misleading and unreasonable and constitutes unfair conduct.  (<u>Id.</u> at ¶¶ 57-58.)   The complaint fails to state a claim due to lack of particularity as discussed above.

Although Plaintiff alleges that in a conclusory fashion that any injury outweighs any

8

benefit provided to consumers, the FAC does not sufficiently allege how this is so. Rule 8 requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969. Here, Plaintiff merely alleges conclusions without any supporting facts to state a plausible claim that Defendant's conduct entitles Plaintiff to relief. Iqbal, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). However, because the UCL claim is grounded in fraud, Plaintiff must plead such facts with particularity and has not done so here. The Court finds that Plaintiff has failed to state a claim under the unfair prong of the UCL.

### 3. Unlawful Business Practice

"For an action based upon an allegedly unlawful business practice, the UCL 'borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable.'" Stearns, 763 F.Supp.2d at 1150 (citation omitted); see also Smith v. State Farm Mutual Automobile Ins. Co., 93 Cal.App.4th 700, 718-19 (2001) ("An 'unlawful' business activity includes 'anything that can properly be called a business practice and that at the same time is forbidden by law.'"). Any federal, state, or local law can serve as a predicate for an action under the unlawful prong of section 17200. Smith, 93 Cal.App.4th at 718.

Plaintiff alleges that Defendant's conduct violates California Business and Professions Code section 17500, et seq. (FAC at ¶ 71.) Section 17500 makes it unlawful to publicly make or disseminate—with the intent to dispose of property or to induce the public to enter into any obligation relating thereto—any statement which the speaker knows or reasonably should know to be "untrue or misleading." Epperson v. Gen. Motors, LLC, 706 F.Supp.3d 1031, 1040 (S.D. Cal. 2023) (quoting Cal. Bus. & Prof. Code § 17500). Plaintiff again alleges that Defendant's marketing is false, deceptive, misleading and unreasonable (FAC at ¶ 72), and the

misrepresentations made by Defendant constitute an unlawful business practice (id. at ¶ 74). Plaintiff's claim for unlawful practices in violation of the UCL are grounded in fraud.

The complaint is devoid of any allegations to describe the marketing or any false and misleading statements. Plaintiff alleges Defendant knew or should have known of the unlawful conduct (id. at ¶ 73), but there are no factual allegations to show how Defendant would have been placed on notice that any statements were false or misleading. Here, Plaintiff merely sets forth conclusions without any supporting facts to state a plausible claim that Defendant's conduct entitles Plaintiff to relief. Iqbal, 556 U.S. at 678. Plaintiff has failed to state a claim for an unlawful business practice in violation of the UCL. See CVS Pharmacy, Inc., 982 F.3d at 1214 (allegations that are conclusory and do not allege facts demonstrating how the defendant violated the regulation are insufficient to state a claim).

**B.     Equitable Jurisdiction**

Defendant asserts that Plaintiff has not alleged that there is no equitable remedy at law available and has not established jurisdiction for her UCL claims. (Mot. at 17.) Defendant argues that since the UCL only provides for equitable remedies, and Plaintiff has an adequate remedy at law under the Song-Beverly Act, the UCL claim should be dismissed. Further, Defendant argues that Plaintiff has not sufficiently pled any allegations that would warrant injunctive relief, nor has she established that there is an actual or imminent threat of further injury based on her purchase of the subject vehicle. (Id.)

The UCL only provides for equitable remedies. Guzman v. Polaris Indus. Inc., 49 F.4th 1308, 1313 (9th Cir. 2022), cert. denied sub nom. Polaris Indus. Inc. v. Albright, 143 S. Ct. 2612 (2023); Veera, 6 Cal.App.5th at 915. The Ninth Circuit has held that "federal courts must apply equitable principles derived from federal common law to claims for equitable restitution under California's [UCL] and [CLRA],' including 'the principle precluding courts from awarding equitable relief when an adequate legal remedy exists.' " Guzman, 49 F.4th at 1312 (quoting Sonner v. Premier Nutrition Corp., 971 F.3d 834, 837, 842 (9th Cir. 2020)). "In order to entertain a request for equitable relief, a district court must have equitable jurisdiction, which can only exist under federal common law if the plaintiff has no adequate legal remedy." Guzman, 49

F.4th at 1313.

In situations similar to this, courts have found that a plaintiff may not bring a claim under the UCL as the Song-Beverly Act provides an adequate remedy at law.

> Apart from civil penalties, which are not at issue here,[4] the UCL provides only equitable remedies. See Korea Supply Co. v. Lockheed Martin Corp., 29 Cal.4th 1134, 1144 (2003); Madrid v. Perot Systems Corp., 130 Cal.App.4th 440, 452 (2005). A plaintiff seeking equitable relief must establish that there is no adequate remedy at law available. See Knox v. Phoenix Leasing, Inc., 29 Cal.App.4th 1357, 1368 (1994). Thus, statutory relief under the UCL "is subject to fundamental equitable principles, including inadequacy of the legal remedy." Prudential Home Mortg. Co. v. Superior Court, 66 Cal.App.4th 1236, 1249 (1998). Because the UCL provides for only equitable remedies, and plaintiffs have an adequate remedy at law for the alleged Song–Beverly Act violation, plaintiff's UCL claim must be dismissed. See Rynes v. Striker, 2011 WL 2149095 at *3 (N.D. Cal. May 31, 2011).

Durkee v. Ford Motor Co., No. 14-cv-0617-PJH, 2014 WL 4352184, at *2–3 (N.D. Cal. Sept. 2, 2014); see also Velazquez, 2024 WL 3617486, at *8 (same); Salas v. Toyota Motor Sales, U.S.A., Inc., No. CV 15-8629 FMO (EX), 2016 WL 7486600, at *13 (C.D. Cal. Sept. 27, 2016) (collecting cases). However, other courts have found that there is no bar to the pursuit of alternate remedies at the pleading stage. Deras v. Volkswagen Grp. of Am., Inc., No. 17-CV-05452-JST, 2018 WL 2267448, at *6 (N.D. Cal. May 17, 2018).

The Court finds that Plaintiff has failed to allege facts to show that equitable jurisdiction exists for the ULC claim and the UCL claim should be dismissed on this ground. Plaintiff has an adequate remedy at law under the Beverly-Song Act and has brought such claims in this action. (See FAC at pp. 5-10.) Further, as Defendant argues Plaintiff has not shown that she would be entitled to injunctive relief based on her past purchase of the subject vehicle. (Mot. at 17.) To the extent that Plaintiff would seek injunctive relief, a plaintiff who has no intention of purchasing a product in the future has no standing to seek prospective injunctive relief. Bird v. First Alert, Inc., No. C 14-3585 PJH, 2014 WL 7248734, at *5 (N.D. Cal. Dec. 19, 2014). Since Plaintiff has an adequate remedy at law, equitable jurisdiction does not exist. Accordingly, the Court recommends granting Defendant's motion to dismiss without leave to amend. See Durkee,

---

[4] Plaintiff seeks relief in the form of injunctive relief and restitution in connection with his UCL claim. (FAC at ¶¶ 78, 80.) Civil penalties under the UCL may only be recovered by public law enforcement officials. Cal. Bus. & Prof. Code § 17206.

2014 WL 4352184, at *3, 9 (dismissing UCL claim with prejudice for lack of equitable jurisdiction); Bird, 2014 WL 7248734, at *5-6, 7 (dismissing UCL claims with prejudice); Velazquez, 2024 WL 3617486, at *8-9 (dismissing UCL claim without leave to amend).

## IV.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendant's motion to dismiss Plaintiff's first amended complaint for failure to state a claim be GRANTED and the UCL claim be DISMISSED WITHOUT LEAVE TO AMEND.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, any party may file written objections to these findings and recommendations with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 12, 2024**

UNITED STATES MAGISTRATE JUDGE